IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Sparacino PLLC<br>1920 L Street, NW, Suite 535<br>Washington, DC 20036<br><br>     Plaintiff,<br><br>   v.<br><br>Defense Intelligence Agency<br>ATTN: IMO-2 (FOIA)<br>7400 Pentagon<br>Washington, DC 20301-7400<br><br>     Defendant. | Case No.: _____ |

**COMPLAINT FOR VIOLATION OF THE**
**FREEDOM OF INFORMATION ACT**

## INTRODUCTION

1. Plaintiff Sparacino PLLC ("Sparacino" or "Plaintiff"), along with Willkie Farr & Gallagher LLP ("Willkie"), represents over 700 U.S. military veterans and/or their families who were killed or wounded by the Islamic Republic of Iran ("Iran") through its support for terrorists in Iraq from 2003 to 2017. *See Martino et al. v. Islamic Republic of Iran,* Docket No. 1:21-cv-01808 (D.D.C. Jul. 7, 2021) ("Martino"). Plaintiff brings this action for relief under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") to compel United States Defense Intelligence Agency (the "Agency" or "DIA") to produce requested records, as required by law, relating to the wrongful injuries and deaths of these victims of terrorism.

2. On March 24, 2022, Plaintiff properly submitted a targeted request to the Agency in accordance with FOIA and applicable Agency regulations requesting certain specified records pertaining to the injuries and deaths of 286 identified U.S. military servicemembers and twelve civilian contractors in Iraq from 2003 to 2017 (the "Request").

3. The Agency's statutory deadline for making a determination concerning Plaintiff's Request has expired.

4. The Agency has not produced any documents, sought any extension, nor made a determination as to the Request.

5. The Agency's failure to act on Plaintiff's Request violates FOIA and the Agency's own FOIA regulations.

6. More than a decade ago, the President directed federal agencies to adopt a "presumption in favor of disclosure" and to respond to FOIA requests "promptly and in a spirit of cooperation," so that "openness prevails." FOIA Pres. Mem., 74 Fed. Reg. 4683, 4683 (Jan. 21,

2009). The Agency has thus far disregarded this directive in failing to provide a determination or response to Plaintiff's Request within the time period required by FOIA.

7. The requested records have broader public significance beyond the *Martino* litigation. Official government publications, policy analysts, and the national media have all reported on America's efforts to hold Iran accountable for its support of terrorism in Iraq, reflecting the public's interest in allegations that Iran financed terrorism in Iraq.[1]

8. Plaintiff has constructively exhausted administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i), and now seeks judicial relief compelling the Agency to promptly search for and produce the requested records, and enjoining any further improper withholding.

## JURISDICTION AND VENUE

9. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201(a), and 2202.

10. Venue lies in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## PARTIES

11. Plaintiff Sparacino is a law firm with an office in Washington, D.C. Plaintiff submitted the FOIA Request identified in this Complaint.

---

[1] *See, e.g.*, *Iran Ordered to pay $879 Million to Khobar Towers Bombing Survivors: MM ~Law LLC*, CISION PR NEWSWIRE (July 7, 2020), https://www.prnewswire.com/news-releases/iran-ordered-to-pay-879-million-to-khobar-towers-bombing-survivors-mmlaw-llc-301088893.html; Natalie Rodriguez, *New Path To Justice May Await Terror Victims After Court Win*, LAW360 (May 31, 2020), https://www.law360.com/articles/1278222/new-path-to-justice-may-await-terror-victims-after-court-win; Richard A. Oppel Jr. and Nicholas Bogel-Burroughs, *'I Lost My Legs': Wounded in Iraq, He Sued Iran*, THE NEW YORK TIMES (JAN. 12, 2020), https://www.nytimes.com/2020/01/12/us/suleimani-iran-attacks.html; *see also* Tim Arango, et al, *The Iran Cables: Secret Documents Show How Tehran Wields Power in Iraq,* THE NEW YORK TIMES (Nov. 19, 2019), https://www.nytimes.com/interactive/2019/11/18/world/middleeast/iran-iraq-spy-cables.html; Edward Wong and Eric Schmitt, *U.S. Pressures Iraq Over Embrace of Militias Linked to Iran*, THE NEW YORK TIMES (Mar. 19, 2019), https://www.nytimes.com/2019/03/19/world/middleeast/iraq-us-tensions-iran.html.

12. Defendant DIA is an "agency" of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DIA is believed to have possession, custody, and control of records responsive to Plaintiff's Request.

## FACTUAL ALLEGATIONS

### I. PLAINTIFF PROPERLY SUBMITTED A FOIA REQUEST FOR AGENCY RECORDS

13. On March 24, 2022, Plaintiff properly submitted a targeted request to the Agency in accordance with FOIA and applicable Agency regulations, requesting Significant Activity ("SIGACT") Reports and other investigative material pertaining to specified attacks in Iraq that resulted in the injuries or deaths of 286 identified U.S. servicemembers and twelve civilian government contractors. Two charts attached as exhibits to the Request identified the attacks by incident date and location; identified the victims by name, date of birth, military or civilian status, rank, branch or employer, and company and unit; and provided other relevant details, where available. A third chart identified defense agencies to which Plaintiff had already sent similar requests. This was to allow DIA to streamline its response by administratively closing as duplicative any portions of Plaintiff's Request which the Agency would ordinarily need to refer or redirect to a different agency of the Defense Department. *See* 32 CFR § 286.7(c).

14. The Request was submitted to the Agency via email, as directed on the Agency's FOIA website. *See Freedom of Information Act,* U.S. DEFENSE INTELLIGENCE AGENCY, (April 17, 2022, 12:51 PM), https://www.dia.mil/foia.aspx, attached as **Exhibit 1**; *see also* 32 CFR § 286.9(b). Because the Request was submitted during business hours via the Agency's designated FOIA email address, it can be deemed to have received by the Agency no later than the following business day. The Request "reasonably describes" the records Plaintiff seeks and believes to be

3

in the possession of the Agency as required by FOIA. 5 U.S.C. § 552(a)(3)(A)(i). The Request and its attachments are attached as **Exhibit 2**.

15. On April 23, 2022, Plaintiff received a letter from the Agency acknowledging receipt of Plaintiff's Request (the "Acknowledgment Letter"), assigning the Request a case number, and saying the Agency would be unable to respond to the Request within FOIA's statutory 20-day time period due to "unusual circumstances." By the time the Agency sent the Acknowledgment Letter, the statutory response period had already passed. *See* 5 U.S.C. § 552(a)(6)(A)(i)-(ii). The Acknowledgment Letter is attached as **Exhibit 3.**

16. To date, Plaintiff has not received a determination or substantive response with respect to its Request.

17. The Agency has never asserted that Plaintiff's March 24 Request failed to reasonably describe the records sought or was improper or deficient in any manner. Nor has the Agency requested any additional information from Plaintiff. Instead, the Agency has failed to provide a determination or substantively respond to Plaintiff's Request, in violation of FOIA.

## II. THE AGENCY FAILED TO MAKE A DETERMINATION WITHIN FOIA'S TIME LIMITS FOR PLAINTIFF'S REQUEST, AND PLAINTIFF HAS CONSTRUCTIVELY EXHAUSTED ADMINISTRATIVE REMEDIES

### a. The Agency Violated FOIA's Time Limits and Search Requirements

18. Pursuant to 5 U.S.C. § 552(a)(3)(A), after receiving Plaintiff's Request, the Agency was required to search for responsive records, including making reasonable efforts to search for records in electronic format and to promptly produce the records it located. Further, pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the Agency was required to make a determination within 20 working days of receiving the Request, unless within the 20-day period, pursuant to § 552(a)(6)(B)(i), the Agency provided Plaintiff written notice that the Agency had determined that "unusual

circumstances" apply and was thereby seeking a specified extension of no more than 10 working days.  *See* 32 CFR §§ 286.8; 286.9(b).

19.  An agency that fails, within the 20- or 30-day period, to state which documents will be produced or withheld, provide reasons for any withholding, and inform Plaintiff of its appellate rights has not made a timely determination as required by FOIA.  *See* 5 U.S.C. § 552(a)(6)(A)(i); *see also Citizens for Responsibility and Ethics in Washington v. Federal Election Comm'n*, 711 F.3d 180 (D.C. Cir. 2013); *Spannaus v. DOJ*, 824 F.2d 52, 59 n.7 (D.C. Cir.1987).

20.  Given that Plaintiff's Request was submitted on March 24, 2022—over 30 working days ago—and the Agency both failed to request a 10-day extension within the 20-working-day determination period and failed to state which documents will be produced or withheld, provide reasons for any withholding, and inform Plaintiff of its appellate rights, the Agency has violated the 20-working-day deadline to provide a determination for Plaintiff's Request.  Even if the Agency's April 23 Acknowledgement Letter were to be construed as a valid extension request (which it was not), the Agency has also violated the maximum 30-working-day deadline to provide a determination.

21.  The Agency's failure to make a determination or any production within the required time period violates 5 U.S.C. §§ 552(a)(6)(A)(i) and (B)(i), as well as the Agency's own FOIA regulations.  *See* 32 CFR § 286.8(c).

b.  **Plaintiff Has Constructively Exhausted Administrative Remedies**

22.  As stated above, the maximum 20- or 30-working-day time limits for a determination have both expired, and Plaintiff is therefore "deemed to have exhausted administrative remedies" with respect to the foregoing FOIA violations.  5 U.S.C. § 552(a)(6)(C)(i).  FOIA thus authorizes Plaintiff to bring suit in this District to compel prompt

5

production and enjoin continued wrongful withholding of records responsive to Plaintiff's Request.  5 U.S.C. § 552(a)(4)(B).

## CLAIMS FOR RELIEF

### COUNT ONE:  Failure to Comply with FOIA

23. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

24. Plaintiff properly requested records within the possession, custody, and control of the Agency.

25. DIA is an agency subject to FOIA.

26. The Agency was required under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to Plaintiff's FOIA Request and make responsive records promptly available to Plaintiff.

27. The 20-working-day deadline under 5 U.S.C. § 552(a)(6) for the Agency to conduct such a search and to make a determination as to Plaintiff's FOIA Request, informing Plaintiff which documents the Agency intends to produce and withhold, and the reasons for withholding any documents, has expired.

28. The 30-working-day deadline under 5 U.S.C. § 552(a)(6)(b) for the agency to conduct such a search and make a determination as to Plaintiff's FOIA Request, had the Agency, within 20 working days of receiving the Request, provided Plaintiff written notice that the Agency had determined that "unusual circumstances" apply and was thereby seeking an extension of no more than 10 working days, has also expired.

29. The Agency has wrongfully failed to conduct such a search and to make and communicate to Plaintiff a determination as to Plaintiff's FOIA Request within the statutory deadline imposed by FOIA.

30. The Agency has additionally wrongfully failed to make records responsive to the Request promptly available to Plaintiff.

31. Plaintiff has exhausted administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

32. Plaintiff is entitled to an order compelling the Agency to conduct reasonable searches sufficient to locate records responsive to the Request and to expeditiously produce all responsive records, subject to withholdings agreed to by the parties or approved by the Court.

33. To facilitate determination of the validity of any withholdings based on FOIA exemptions the Agency may ultimately assert, Plaintiff seeks an order compelling the Agency to produce indexes justifying redactions to or withholding of responsive records.

### COUNT TWO:  Declaration Precluding Assessment of Fees

34. Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

35. The Agency has failed to comply with the statutory time limits under 5 U.S.C. § 552(a)(6).

36. The Agency has not discussed or attempted to discuss with Plaintiff how or whether Plaintiff is required to limit the scope of Plaintiff's FOIA Request.

37. No court has determined that exceptional circumstances exist.

38. Accordingly, Plaintiff is entitled to a declaration that the Agency may not assess any search fees associated with Plaintiff's Request, pursuant to 5 U.S.C. § 552(a)(4)(A)(viii) and 28 U.S.C. § 2201(a).

## **PRAYER FOR RELIEF**

39. Plaintiff requests that the Court:

    a. Order the Agency to expeditiously conduct a reasonable search for all records responsive to Plaintiff's FOIA request, to the extent such a search has not already been conducted, and to demonstrate that it employed search methods reasonably likely to lead to the discovery of responsive records;

    b. Order the Agency to produce within twenty (20) days or such other time as the Court deems proper all records responsive to Plaintiff's Request that are subject to disclosure under FOIA, as agreed to by the parties or determined by the Court, and indexes justifying any withholdings or redactions;

    c. Declare that the Agency failed to comply with the time limits under 5 U.S.C. § 552(a)(6) and that search fees therefore may not be assessed under 5 U.S.C. § 552(a)(4)(A)(viii) with respect to Plaintiff's Request;

    d. Award Plaintiff attorneys' fees and costs incurred in relation to this case, pursuant to 5 U.S.C. § 552(a)(4)(E); and

    e. Grant Plaintiff any other relief the Court deems just and proper.

Dated: May 17, 2022

        Respectfully submitted,

        */s/ Michael J. Gottlieb*
        Michael J. Gottlieb (D.C. Bar No. 974960)
        Devin Charles Ringger (D.C. Bar No. 1044160)
        Timothy Ryan (D.C. Bar No. 1719055)
        Willkie Farr & Gallagher LLP
        1875 K Street, N.W.
        Washington, D.C. 20006-1238
        Tel: (202) 303-1000
        Fax: (202) 303-2000
        MGottlieb@willkie.com
        DRingger@willkie.com
        TRyan@willkie.com

        Nicholas Reddick (D.C. Bar No. 1670683)
        Willkie Farr & Gallagher LLP
        One Front Street
        San Francisco, CA 94111
        Tel: (415) 858-7400
        Fax: (415) 858-7599
        NReddick@willkie.com

        */s/ Ryan E. Sparacino*
        Ryan E. Sparacino (D.C. Bar No. 493700)
        Sparacino PLLC
        1920 L Street NW, Suite 535
        Washington, DC 20036
        Tel: (202) 629-3530
        Ryan.sparacino@sparacinopllc.com

        *Counsel for Plaintiff*